**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| OPENTV, INC. and NAGRA FRANCE S.A.S., | Civil Action No. 6:15-cv-951 |
| Plaintiffs, | Judge Rodney Gilstrap |
| v. | JURY TRIAL DEMANDED |
| VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP, LLC, VERIZON CORPORATE SERVICES GROUP INC., VERIZON DATA SERVICES LLC, VERIZON MEDIA LLC, VERIZON AND REDBOX DIGITAL ENTERTAINMENT SERVICES, LLC, and AOL INC., | |
| Defendants. | |

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**


# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................1

II. STATEMENT OF FACTS ....................................................................................................2

III. LEGAL STANDARD ...........................................................................................................3

IV. ARGUMENT ........................................................................................................................3

    A. Plaintiffs' Direct Infringement Allegations Must Be Dismissed for Failure to Meet the Pleading Standards Set Forth in *Twombly* and *Iqbal* ...........................4

        1. Plaintiffs did not indicate which particular claims Defendants allegedly directly infringe ...............................................................................5

        2. Plaintiffs' vague identification of accused products fails to put the Defendants on notice ..................................................................................6

        3. Plaintiffs' factual allegations do not render infringement of any of the asserted patents plausible ......................................................................8

        4. Plaintiffs' blanket statement that every Defendant infringes every patent must be dismissed ..........................................................................11

    B. Plaintiffs' Indirect Infringement Allegations Must Be Dismissed for Similar Reasons ......................................................................................................12

V. CONCLUSION....................................................................................................................14

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Addiction & Detoxification Institute L.L.C. v. Carpenter*,
 620 F. App'x 934, 937 (Fed. Cir. 2015) ................................................................................... 7

*Adiscov, LLC v. Autonomy Corp.*,
 762 F. Supp. 2d 826 (E.D. Va. 2011) ....................................................................................... 7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .......................................................................................................... *passim*

*Assoc. Builders, Inc. v. Ala. Power Co.*,
 505 F.2d 97 (5th Cir. 1974) ..................................................................................................... 13

*Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*,
 No. 609 CV 269, 2010 WL 5175172 (E.D. Tex. Mar. 29, 2010) ............................................. 3

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .......................................................................................................... *passim*

*In re Bill of Lading Transmission and Processing System Patent Litigation*,
 681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................ 3, 4

*Carter v. Target Corp.*,
 541 F. App'x 413, 417 (5th Cir. 2013) .................................................................................... 13

*Clear with Computers, LLC v. Bergdorf Goodman, Inc.*,
 No. 6:09CV481, 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010) ....................................... 5, 13

*Conley v. Gibson*,
 355 U.S. 41 (1957)) .................................................................................................................. 3

*E.F.W. v. St. Stephen's Indian High School*,
 264 F.3d 1297 (10th Cir. 2001) .............................................................................................. 11

*General Guaranty Ins. Co. v. Parkerson*,
 369 F.2d 821 (5th Cir. 1966) .................................................................................................. 11

*Graver Tank & Mfg. Co. v. Linde Air. Prods. Co.*,
 339 U.S. 605 (1950) .................................................................................................................. 5

*Griffin Industries, Inc. v. Irvin*,
 496 F.3d 1189 (11th Cir. 2007) .............................................................................................. 11

*Hirsch v. Arthur Andersen & Co.*,
 72 F.3d 1085 (2d Cir. 1995) ................................................................................................... 11

*Ingeniador, LLC v. Interwoven*,
 874 F. Supp. 2d 56 (D.P.R. 2012) ............................................................................................ 6

*Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*,
 381 F.3d 1111 (Fed. Cir. 2004)..................................................................................................5

*Johnston v. IVAC Corp.*,
 885 F.2d 1574 (Fed. Cir. 1989)..................................................................................................5

*K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*,
 714 F.3d 1277 (Fed. Cir. 2013)..................................................................................................8

*K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*,
 No. CV11-09373, Dkt. 25 (C.D. Cal. Feb. 21, 2012) ................................................................8

*Landmark Tech. LLC v. Aeropostale*,
 No. 6:09 2010 WL 5174954 (E.D. Tex. Mar. 29, 2010) ............................................................6

*Limelight Networks, Inc. v. Akamai Techs, Inc.*,
 134 S. Ct. 2111 (2014)..............................................................................................................13

*Long v. Simmons*,
 77 F.3d 878 (5th Cir. 1996) .......................................................................................................4

*Macronix Int'l Co. Ltd. v. Spansion Inc.*,
 4 F. Supp. 3d 797 (E.D. Va. 2014) ...............................................................................5, 6, 8, 13

*PatentHarbor, LLC v. DreamWorks Animation SKG, Inc.*,
 No. 6:11-cv-229, 2012 WL 9864381 (E.D. Tex. July 27, 2012) ...............................................6

*Perry v. NYSARC, Inc.*,
 424 F. App'x 23 (2nd Cir. 2011) .............................................................................................13

*Realtime Data, LLC v. Stanley*,
 721 F. Supp. 2d 538 (E.D. Tex. 2010)...........................................................................5, 6, 11, 13

**Statutes**

Fed. R. Civ. P. 8(a)(2)....................................................................................................................3

Fed. R. Civ. P. 12(b)(6)........................................................................................................1, 6, 14

Fed. R. Civ. P. 84 (2015) ...............................................................................................................4

**Miscellaneous**

Letter from John G. Roberts, Chief Justice of the Supreme Court, to John A. Boehner,
 Speaker of the House of Representatives at 31 (Apr. 29, 2015), *available at*
 http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf ...........................4

I.     **INTRODUCTION**

Defendants Verizon Services Corp. ("VSC"), Verizon Corporate Resources Group LLC ("VCRG"), Verizon Corporate Services Group Inc. ("VCSG"), Verizon Data Services LLC ("VDS"), Verizon Media LLC ("Verizon Media"), Verizon and Redbox Digital Entertainment Services, LLC ("VRDE"), and AOL Inc. ("AOL") (collectively, "Defendants") respectfully move to dismiss the Complaint filed by Plaintiffs OpenTV, Inc. ("OpenTV") and Nagra France S.A.S. ("Nagra") (collectively, "Plaintiffs") for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1]

To survive a 12(b)(6) Motion to Dismiss in light of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must plead sufficient factual allegations that render it plausible—and not merely possible—that it is entitled to relief. Federal Circuit cases that implied that compliance with Form 18 is sufficient for direct patent infringement claims have been superseded by the recent amendments to the Federal Rules of Civil Procedure eliminating Form 18.

Here, Plaintiffs do not meet the standard set forth in *Twombly* and *Iqbal*. The Complaint does not even specify what patent claims Defendants allegedly infringe, or identify the accused products with sufficient specificity, to provide fair notice of Plaintiffs' claims, much less plead facts sufficient to render it plausible that Defendants are not merely engaging in non-infringing behavior. Moreover, the Complaint is internally contradictory regarding which Defendants supposedly infringe which patent. Such blanket assertions and contradictory allegations do not provide Defendants with fair notice of the claims, and thus, are insufficient under *Twombly* and *Iqbal*.

---

[1] Verizon Communications Inc. ("VCI") was also named as a defendant in this case. VCI and Plaintiffs have, however, filed a joint motion to dismiss VCI. Dkt. 37.

1

Plaintiffs have not presented a well-pleaded complaint that adequately focuses discovery, claim construction, and trial. Allowing Plaintiffs to proceed with vague claims that do not comply with *Twombly* and *Iqbal* will merely waste the parties' and the Court's time and resources. For the reasons below, Defendants respectfully request the Court dismiss the Complaint in its entirety.

## II.    STATEMENT OF FACTS

On October 30, 2015, Plaintiffs filed their Complaint against all eight Defendants alleging infringement of U.S. Patent Nos. 7,055,169 ("the '169 patent"), 7,243,139 ("the '139 patent"), RE40,334 ("the '334 patent"), 7,900,229 ("the '229 patent"), 6,678,463 ("the '463 patent"), 6,233,736 ("the '736 patent"), and 7,055,169 ("the '169 patent") (collectively, "the asserted patents"). Dkt. 1 ¶ 3. In the Complaint, Plaintiffs simply lump all eight Defendants together, label them "Defendants," "Verizon," or "the Verizon Defendants," and then proceed to treat them as a single entity. Dkt. 1 at 1. In fact, after assigning all Defendants the "Verizon" label, Plaintiffs discuss each of the Defendants (other than AOL) independently of the "Verizon" label in exactly one paragraph per Defendant within Plaintiff's 166 paragraph-long Complaint. Dkt. 1 ¶¶ 42-48 and 56. This indiscriminate treatment of all Defendants and a general sparsity of concrete factual allegations results in blanket assertions—such as "Verizon has infringed, and is currently infringing, the [asserted patents]."

The lack of notice of Plaintiffs' claims afforded by the Complaint is, more specifically, demonstrated by Plaintiffs' (1) failure to list the particular patent claims Defendants are charged with infringing; (2) vague references to "other related products" and that the accusations are "without limitation"; (3) nebulous descriptions of accused products that encompass large swaths of non-infringing technology and fail to render Defendants' alleged liability plausible; and (4) specific allegations about which Defendant is involved with which product that contradict

Plaintiffs' own blanket assertions and render it impossible to determine which of the eight Defendants are actually charged with infringement of which patent. *See, e.g.,* Dkt. 1 ¶ 90.

## III. LEGAL STANDARD

Under Fed. R. Civ. P. 8(a)(2), a plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 555 U.S. at 550 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). Satisfying this obligation "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556 n.3. Indeed, to survive a motion to dismiss, a "complaint must plead enough factual matter that, when taken as true, states a claim to relief that is plausible on its face." *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *Twombly*, 550 U.S. at 570) (internal quotations omitted). "[T]he standard asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* (citing *Iqbal*, 556 U.S., at 678) (internal quotations omitted). "A complaint that merely pleads facts that are consistent with a defendant's liability stops short of the line between possibility and plausibility." *Id.* at 1332 (citing *Twombly*, 550 U.S. at 556) (internal quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## IV. ARGUMENT

"The Court has high expectations of a plaintiff's preparedness before it brings suit." *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 609 CV 269, 2010 WL 5175172, at *3 (E.D. Tex. Mar. 29, 2010). Here, Plaintiffs' lack of specificity and refusal to differentiate between Defendants demonstrate that Plaintiffs have failed to live up to these expectations.

3

### A. Plaintiffs' Direct Infringement Allegations Must Be Dismissed for Failure to Meet the Pleading Standards Set Forth in *Twombly* and *Iqbal*

All pleadings, including pleadings for direct infringement, are now governed by the United States Supreme Court's decisions in *Twombly* and *Iqbal*. Decisions in the past that exempted allegations of direct patent infringement from compliance with *Twombly* and *Iqbal* were based on the existence of Form 18 of the Federal Rules of Civil Procedure. *Bill of Lading*, 681 F.3d at 1323 ("[T]o the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control."). However, the amendments to the Federal Rules published on April 29, 2015 and enacted on December 1, 2015 eliminated Form 18 and the other forms, thereby removing the only impediment to applying Supreme Court precedent to direct infringement allegations. Letter from John G. Roberts, Chief Justice of the Supreme Court, to John A. Boehner, Speaker of the House of Representatives at 31 (Apr. 29, 2015), *available at* http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf; Fed. R. Civ. P. 84 (2015).

The changes to the Federal Rules apply to this case. By their terms, the 2015 amendments "govern in . . . all proceedings" pending on December 1, 2015 "insofar as just and practicable." *Id.* at 3. Here, Plaintiffs, like other members of the public, were on notice of these amendments at least as of April 29, 2015, months before the filing of the Complaint. Accordingly, there is no injustice or practical difficulty in requiring Plaintiffs to comply with the standards applicable to "all proceedings." *See id.*; *see also Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) ("Amendments to the Federal Rules of Civil Procedure should be given retroactive application 'to the maximum extent possible.'").

### 1.     Plaintiffs did not indicate which particular claims Defendants allegedly directly infringe

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115-16 (Fed. Cir. 2004). Any claim of patent infringement is thus necessarily a claim that particular patent *claims* have been infringed. *See Graver Tank & Mfg. Co. v. Linde Air. Prods. Co.*, 339 U.S. 605, 607 (1950) ("In determining whether an accused device or composition infringes a valid patent, resort must be had in the first instance to the words of the claim."); *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1577-78 (Fed. Cir. 1989) ("To establish infringement of a patent, every limitation set forth in a claim must be found in an accused product or process exactly or by a substantial equivalent.").

Here, Plaintiffs do not specify what claims of the asserted patents they allege Defendants are directly infringing. Instead, Plaintiffs merely refer to "one or more claims of" each asserted patent. Dkt. 1 ¶ 90, 103, 116, 126, 140, 149, 160. Especially now that Form 18 no longer excuses Plaintiffs' failure to comply with *Twombly* and *Iqbal*, such "blanket assertion[s]" that some claims of a patent are infringed without specifying which ones fail to "give the defendant fair notice of what the claim is." *Twombly*, 550 U.S. at 555, 555 n.3 (internal quotations omitted); *see also Macronix Int'l Co. Ltd. v. Spansion Inc.*, 4 F. Supp. 3d 797, 803 (E.D. Va. 2014) ("Thus, before filing a complaint, counsel must ascertain exactly what claims should alleged [*sic*] to be infringed and how they are infringed."); *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010) ("As recent decisions make clear, indirect infringement allegations will not survive a Motion to Dismiss under the pleading requirements of the Federal Rules where a plaintiff's complaint fails to identify any asserted claims . . . ."); *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09CV481, 2010 WL 3155888, at *4 (E.D.

Tex. Mar. 29, 2010) (dismissing indirect infringement allegations because the complaint "fail[s] to identify which claims are indirectly infringed"); *Ingeniador, LLC v. Interwoven*, 874 F. Supp. 2d 56, 69 (D.P.R. 2012) ("While it is true that Plaintiff alleges each defendant sells a product that deals with web-based editing and/or publishing, Plaintiff goes no further and fails to allege which claim of the [asserted patent] the offending product infringes upon.").

Requiring Plaintiffs at this stage to indicate which claims they allege are directly infringed would not only comply with the law set forth in *Twombly* and *Iqbal*, it would "serve to winnow out weak (or even baseless) claims and will protect defendants from the need to prepare defenses for the many claims that inevitably fall by the way side in patent cases." *Macronix*, 4 F. Supp. 3d at 803.

Accordingly, Plaintiffs' Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to "recite[] the specific claim or claims which are alleged to be infringed." *Id.* at 798-99.

### 2. Plaintiffs' vague identification of accused products fails to put the Defendants on notice

Plaintiffs also fail to provide "fair notice" of their alleged claims by only including "vague identification [of accused products or services] . . . without further context." *Realtime Data*, 721 F. Supp. 2d at 543. "[C]ases involving 'more nebulous, less tangible inventions such as computer software methods' may require a higher degree of specificity to provide proper notice to the defendant." *PatentHarbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 WL 9864381, at *4 (E.D. Tex. July 27, 2012). In view of this standard, courts have found accusations of "data compression products and/or services" (*Realtime Data*, 721 F. Supp. 2d at 543), "electronic commerce systems" (*Landmark Tech. LLC v. Aeropostale*, No. 6:09 CV 262, 2010 WL 5174954, at *3-4 (E.D. Tex. Mar. 29, 2010)), and "legal discovery software or

services" (*Adiscov, LLC v. Autonomy Corp.*, 762 F. Supp. 2d 826, 832 (E.D. Va. 2011)) too vague to survive a motion to dismiss.

*First*, each of Plaintiffs' identification of accused products or services is prefaced by "without limitation." *See*, *e.g.,* Dkt. 1 ¶ 90. If Plaintiffs now believe that other of Defendants' products and services infringe, they should say so. To the extent that Plaintiffs' phrasing implies that other products or services may also be accused, such other products or services are left completely undefined. Accordingly, any such implicit allegation must be dismissed. *Addiction & Detoxification Institute L.L.C. v. Carpenter*, 620 F. App'x 934, 937 (Fed. Cir. 2015) ("It is not enough to say 'you infringe my patent.' . . . There must be some allegation of specific services or products of the defendants which are being accused.").

*Second,* for the remainder of the allegations, Plaintiff accuses certain products and then tacks on a general catch-all phrase such as "other related products, features, and services." *See* Dkt. 1 ¶ 90; *See also id*. at ¶¶ 103, 126, 140, 149, 160. This catch-all phrase makes it virtually impossible to determine the reach of Plaintiffs' Complaint, especially where Plaintiffs have named eight Defendants that are part of what even Plaintiff alleges to be "one of the largest wireless communications service providers in the country." Dkt. 1 ¶ 49.

Plaintiffs' allegations should be dismissed to the extent they are "without limitation" or encompass undefined "other related products, features, and services" to ensure both (1) that Defendants receive "fair notice" of Plaintiffs' claims and (2) that Plaintiffs cannot use discovery to engage "without limitation" in a fishing expedition across Defendants' vast portfolio of products to identify "other related products" to accuse.

### 3. Plaintiffs' factual allegations do not render infringement of any of the asserted patents plausible

Even before the elimination of Form 18, courts found that mere allegation of infringement, without any additional factual assertions, is insufficient to state a claim for relief. *Macronix*, 4 F. Supp. 3d at 803 ("Thus, before filing a complaint, counsel must ascertain exactly what claims should alleged [*sic*] to be infringed and how they are infringed."); *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, No. CV11-09373, Dkt. 25 (C.D. Cal. Feb. 21, 2012) ("Plaintiff does not explain why it believes that Defendant is utilizing the methods and products protected by the Asserted Patents to update the digital signals it receives, rather than using other non-infringing methods and products."), *rev'd*, 714 F.3d 1277, 1287 (Fed. Cir. 2013) (finding that the complaint satisfies the now-eliminated Form 18). Now, with the elimination of Form 18, it is beyond dispute that a complaint must allege more than that a particular product's description is "consistent with" or renders "possib[le]" infringement; it must contain "some further factual enhancement" or an additional "factually suggestive" allegation that "suggest[s]" that direct infringement is "plausible." *Twombly*, 550 U.S. at 556-57, 557 n.5

Here, stripped of all its legal conclusions and blanket assertions, the Complaint fails to contain allegations that could support a finding of infringement. Instead, it contains nothing more than allegations that the accused products and services are in the same general technological field as the asserted patents:

***The '169 Patent***. Plaintiffs' only factual allegation in support of direct infringement is that all accused products and services include "adaptive video technology for managing video presentation resources." Dkt. 1 ¶ 90. There is no factual allegation, however, that these products and services involve a "prerequisite directive," as required by all claims of the '169 patent. *See* Dkt. 1, Exhibit A, col. 52:12-15.

*The '139 Patent*. Plaintiffs' only factual allegation in support of direct infringement is that all accused products and services include "dynamic advertising services for dynamically inserting advertising into video programming." Dkt. 1 ¶ 103. There is no factual allegation, however, that these products and services involve a "timing indicia for controlling when the address is used for retrieving online content relating to the program," as required by all claims of the '139 patent. *See* Dkt 1, Exhibit B, col. 13:54-57.

*The '334 Patent*. Plaintiffs' only factual allegation in support of direct infringement is that all accused products and services include "FiOS CableCARDs." Dkt. 1 ¶ 116. There is no factual allegation, however, that these products and services involve "a portable security module" that "descrambl[es] the scrambled data stream" and then "encrypt[s] a descrambled data stream," as required by all claims of the '334 patent. *See* Dkt. 1, Exhibit C, col. 11:24-26.

*The '229 Patent*. Plaintiffs' only factual allegation in support of direct infringement is that all accused products and services include "targeted content delivery processes for targeting content to subscribers on multiple subscriber devices based on behavioral activities." Dkt. 1 ¶ 126. There is no factual allegation, however, that these products and services involve a "first [or second] user activity is unrelated to television viewing and the second [or first] user activity is related to television viewing," as required by all claims of the '229 patent. *See* Dkt. 1, Exhibit D, col. 13:39-44.

*The '463 Patent*. Plaintiffs' only factual allegation in support of direct infringement is that all accused products and services include "FiOS TV DVR functionality . . . that allows storage of a program after the start of the program has occurred." Dkt. 1 ¶ 140. There is no factual allegation, however, that these products and services involve the "automatically determining whether sufficient space is available for storing the program," as required by all claims of the '463 patent. *See* Dkt. 1, Exhibit E, col. 9:52-55.

***The '736 Patent***. Plaintiffs' only factual allegation in support of direct infringement is that all accused products and services include "click-through advertising processes . . . that provide access to online information through the use of URLs associated with video content." Dkt. 1 ¶ 149. There is no factual allegation, however, that these products and services involve "indicating to the user that an address has been provided with said video program," as required by all claims of the '736 patent. *See* Dkt. 1, Exhibit F, col. 9:52-53.

***The '768 Patent***. Plaintiffs' only factual allegation in support of direct infringement is that all accused products and services "use . . . URLs associated with video content to automatically obtain information related to the video content." Dkt. 1 ¶ 160. In contrast, all claims of the '768 patent require "a means for decoding," and the specification of the '768 patent explains that "[t]he URL decoder 12 may be either a stand-alone unit or a card which is implemented into the personal computer." *See* Dkt. 1, Exhibit G, col. 5:55-57, col. 13:50-52. Thus, there is no factual allegation that the accused products and services involve any of the structures disclosed by the '768 patent as corresponding to "means for decoding."

None of the Plaintiffs' descriptions "suggest[s]" that the accused products and services include any of key claim limitations identified above, and Plaintiffs' allegations therefore "stop[] short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *See Twombly*, 550 U.S. at 556-57. Defendants do not demand that Plaintiffs provide full infringement contentions at this stage of the case, but the law set forth in *Twombly* and *Iqbal* does require "some further factual enhancement" or additional "factually suggestive" allegations sufficient to render direct infringement plausible. *See id*. at 557, 557 n.5. Since Plaintiffs' allegations of direct infringement fail to meet this standard, they must be dismissed.

### 4. Plaintiffs' blanket statement that every Defendant infringes every patent must be dismissed

"[I]dentification of accused instrumentalities [is required to] be specific as to particular defendants." *Realtime Data*, 721 F. Supp. 2d at 543.

Here, the Complaint is contradictory and therefore fails to adequately allege that Verizon Media infringes the '334 and '463 patents; that VRDE infringes the '139, '334, '229, '463, and '736 patents; or that AOL infringes the '334 and '463 patents. Specifically, Plaintiffs' general assertion that all Defendants, collectively, infringe all of these patents (Dkt. 1 ¶¶ 103, 116, 126, 140, 149) is betrayed by more specific allegations within the Complaint. While Plaintiffs allege that each of VSC, VCRG, VCSG, and VDS "has involvement with or responsibility for FiOS TV," they only allege that Verizon Media "has involvement or responsibility for the Verizon go90 mobile video services," that VRDE "has involvement or responsibility for Redbox Instant," and that AOL is "involved with streaming media and online services." Dkt. 1 ¶¶ 43-48, 57.

Specific factual allegations—such as Plaintiffs' discussion in ¶¶ 43-48, 57—trump general statements—such as Plaintiffs' blanket assertion in ¶¶ 103, 116, 126, 140, 149 that "Verizon has infringed, and is currently infringing," the asserted patents. *See, e.g., General Guaranty Ins. Co. v. Parkerson*, 369 F.2d 821, 825 (5th Cir. 1966) ("This complaint is plagued not by what it lacks, but by what it contains. All of the paths to relief which the pleading suggests are blocked by the allegations and the attached documents themselves, without more."); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) ("General, conclusory allegations need not be credited, however, when they are belied by more specific allegations of the complaint."); *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007); *E.F.W. v. St. Stephen's Indian High School*, 264 F.3d 1297, 1306 (10th Cir. 2001).

Plaintiffs do not allege that the '334 patent was or is infringed by go90, Redbox Instant, or AOL's streaming video service; instead, Plaintiffs only allege that "FiOS CableCards . . . and related products, features, and services" infringe this patent. *See* Dkt. 1 ¶ 116. Similarly, Plaintiffs do not allege that the '463 patent was or is infringed by go90, Redbox Instant, or AOL's streaming video service; instead, Plaintiffs only allege that "FiOS TV DVR functionality, and related products, features, and services" infringe this patent. *See* Dkt. 1 ¶ 140. Since, according to Plaintiffs' own specific allegations, Verizon Media, VRDE and AOL had *no* involvement or responsibility for FiOS TV, it is plain from the face of the Complaint that none of them infringe the '334 or '463 patents. Any allegation to contrary is, therefore, implausible and must be dismissed.

Additionally, Plaintiffs do not accuse Redbox Instant or related products, feature, and services of infringing any of the '139, '229, or '736 patents; instead, Plaintiffs only allege that "Verizon's FiOS TV service, FiOS TV Everywhere service [and other FiOS TV Everywhere services], AOL's streaming video service [and other AOL services], and Verizon's go90 mobile video service [and other go90 services], and other related products, feature, and services" infringe these patents. Dkt. 1 ¶¶ 103, 126, 149. Since, according to Plaintiffs' own specific allegations, VRDE had *no* involvement or responsibility for FiOS TV, AOL's streaming video and other services, or go90 services, it is plain from the face of the Complaint that VRDE cannot infringe the '139, '229, or '736 patents. Any allegation to contrary is, therefore, implausible and must be dismissed.

### B. Plaintiffs' Indirect Infringement Allegations Must Be Dismissed for Similar Reasons

As with direct infringement above, Plaintiffs fail to identify which claims Defendants allegedly infringe indirectly. Instead, Plaintiffs merely state that Defendants "induce[] third

parties . . . to infringe" or "contribute[] to the infringement of" the asserted patents. *See, e.g.,* Dkt. 1 ¶¶ 92, 94. Such "blanket assertion[s]" fail, quite literally, to "give the defendant fair notice of what the claim is." *Twombly*, 550 U.S. at 555, 555 n.3 (internal quotations omitted); *see also Macronix*, 4 F. Supp. 3d at 803; *Realtime Data*, 721 F. Supp. 2d at 544; *Clear with Computers*, 2010 WL 3155888, at *4. Indeed, it is impossible that Defendants indirectly infringe all claims of all asserted patents in the alleged manner. For example, claim 1 of the '229 patent is a method claim that requires "transmitting data to a user." *See* Dkt. 1, Exhibit D, col. 13:32-51. To state a claim for induced infringement, Plaintiffs must prove that a third party is directly infringing the claim. *Limelight Networks, Inc. v. Akamai Techs, Inc.*, 134 S. Ct. 2111, 2118 (2014). Here, Plaintiffs allege that Defendants' "[c]ustomers . . . each directly infringe the '229 patent." Dkt. 1 ¶ 129. However, it is impossible for Defendants' customer to "transmit[] data" to themselves, as required by claim 1 of the '229 patent. Accordingly, Defendants' customers cannot directly infringe claim 1, and Defendants, in turn, cannot indirectly infringe all claims of the '229 patent. *Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013) ("[C]onclusory allegations and unwarranted deductions of fact [in a complaint] are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.") (quoting *Assoc. Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974); *Perry v. NYSARC, Inc.*, 424 F. App'x 23, 25 (2nd Cir. 2011) (discussing that factual assertions in a complaint need not be accepted as true if they "are contradicted by the complaint itself, by documents upon which the pleadings rely, or by facts of which the court may take judicial notice"). Therefore, requiring Plaintiffs to indicate which particular claims they allege Defendants are indirectly infringing would both conserve judicial resources and protect Defendants from needlessly litigating baseless claims.

Additionally, Plaintiffs fail to adequately plead direct infringement by a third party as required to sustain their indirect infringement allegations for the same reason they fail to adequately plead direct infringement: (a) vague and "without limitation" accusations that "software" and "software components," other than those present in FiOS TV, AOL's streaming video service, go90, and Redbox Instant, indirectly infringe the asserted patents fail to provide fair notice of Plaintiffs' claims; (b) Plaintiffs' allegations merely render infringement possible, not plausible; and (c) specific factual allegations in the Complaint itself contradict any general assertion that Verizon Media indirectly infringes the '334 and '463 patents, that VRDE indirectly infringes the '139, '334, '229, '463, and '736 patents, or that AOL indirectly infringes the '334 and '463 patents.

## V.   CONCLUSION

Plaintiffs' direct and indirect infringement allegations fail to meet the pleading standards set forth by the U.S. Supreme Court in *Twombly* and *Iqbal*.  For the reasons set forth above, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6).

| | |
|---|---|
| DATED:  January 8, 2016 | Respectfully submitted, |

By:  */s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Patrick C. Clutter, IV
State Bar No. 24036374
Patrickclutter@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Alan Whitehurst
alanwhitehurst@quinnemanuel.com
Marissa Ducca
marissaducca@quinnemanuel.com
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
777 6th Street NW, 11th Floor
Washington DC 20009
Tel:  (202) 538-8000
Fax: (202) 538-8100

*Attorneys for Defendants Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Corporate Services Group Inc., Verizon Data Services LLC, Verizon Media LLC, Verizon and Redbox Digital Entertainment Services, LLC, and AOL Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 8th day of January, 2016.

                                 */s/ Michael E. Jones*
                                 Michael E. Jones