**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| OpenTV, Inc. and Nagra France S.A.S., | |
| Plaintiffs, | CASE NO. 6:15-cv-951-JRG-KNM |
| v. | |
| Verizon Services Corp., Verizon Corporate Resources Group, LLC, Verizon Corporate Services Group Inc., Verizon Data Services LLC, Verizon Media, LLC, Verizon and Redbox Digital Entertainment Services, LLC, and AOL Inc., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................... 1

BACKGROUND..................................................................................................................... 1

ARGUMENT........................................................................................................................... 3

I.    PLEADING DIRECT INFRINGEMENT PURSUANT TO FORM 18 IS
      SUFFICIENT TO OVERCOME VERIZON'S MOTION TO DISMISS.............. 4

II.   OPENTV'S ALLEGATIONS OF DIRECT INFRINGEMENT SATISFY
      *TWOMBLY* AND *IQBAL*. ...................................................................................... 7

      A.    Complaints Need Not Identify Specific Patent Claims. ........................... 7

      B.    The Complaint Expressly Identifies Specific Accused Products............ 10

      C.    Direct Infringement is Legally "Plausible" Based on the
            Complaint's Factual Allegations................................................................. 11

      D.    The Complaint Identifies Which Entity is Accused of
            Infringement. ................................................................................................ 13

III.  OPENTV PROPERLY PLED INDIRECT INFRINGEMENT. ........................... 13

CONCLUSION..................................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*3rd Eye Surveillance, LLC v. United States*,
No. 15-501C, 2015 U.S. Claims LEXIS 1679 (Fed. Cl. Dec. 17, 2015) .............................6

*AG v. Volterra Semiconductor Corp.*,
No. C-11-6239 MMC, 2012 U.S. Dist. LEXIS 169959 (N.D. Cal. Nov. 29, 2012) .............................................................................................................................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................1, 4, 7

*Atwater Partners of Tex. LLC v. AT&T Inc.*,
No. 2:10-cv-175-TJW, 2011 U.S. Dist. LEXIS 28101 (E.D. Tex. Mar. 18, 2011) ...............................................................................................................................10

*Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*,
No. 609-cv-269, 2010 U.S. Dist. LEXIS 62711 ...................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007) ..................................................1, 4, 5, 7, 11

*Bowlby v. City of Aberdeen*,
681 F.3d 215 (5th Cir. 2012) ..................................................................................3

*Centillion Data Sys., LLC v. Qwest Communications Int'l*,
631 F.3d 1279 (Fed. Cir. 2011) ............................................................................14

*Clear with Computers, LLC v. Bergdorf Goodman, Inc.*,
No. 6:09-cv-481, slip op. at 7 (E.D. Tex. Mar. 29, 2010) .................................8, 9

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
No. 2:14-cv-912-JRG-RSP, 2015 U.S. Dist. LEXIS 135468 (E.D. Tex. Sept. 18, 2015) .............................................................................................................15

*Eaton Veterinary Pharm., Inc. v. Wedgewood Vill. Pharm., Inc.*,
No. 4:15-cv-687-SRB, 2015 U.S. Dist. LEXIS 162105 (W.D. Mo. Dec. 3, 2015) .......................................................................................................................6

ii

*Execware, LLC v. Staples, Inc.,*
   No. 11-836-LPS-SRF, 2012 U.S. Dist. LEXIS 174885 (D. Del. Dec. 10,
   2012) ...................................................................................................................12

*Harold H. Huggins Realty, Inc. v. FNC, Inc.,*
   634 F.3d 787 (5th Cir. 2011 .............................................................................4

*Hologram USA, Inc. v. Pulse Evolution Corp.,*
   No. 2:14-cv-0772-GMN-NJK, 2016 U.S. Dist. LEXIS 5426 (D. Nev. Jan.
   15, 2016) .............................................................................................................5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
   681 F.3d 1323 (Fed. Cir. 2012) ....................................................3, 4, 5, 7, 14, 15

*In re OCA, Inc.,*
   551 F.3d 359 (5th Cir. 2008) .............................................................................6

*Ingeniador, LLC v. Interwoven,*
   874 F. Supp. 2d 56 (D.P.R. 2012) ......................................................................9

*Innovative Automation LLc v. Vudu, Inc.,*
   No. 2:13-cv-1109-JRG, 2014 U.S. Dist. LEXIS 114674 (E.D. Tex. Aug. 19,
   2014) ........................................................................................................5, 7, 9, 12

*K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.,*
   714 F.3d 1277 (Fed. Cir. 2013) ......................................................................4, 12

*Kilopass Tech. Inc. v. Sidense Corp.,*
   No. C-10-02066-SI, 2010 U.S. Dist. LEXIS 136345 (N.D. Cal. Dec. 13,
   2010) ...................................................................................................................8

*Largan Precision Co v. Genius Elec. Optical Co.,*
   No. 13-cv-02502-WHO, 2013 U.S. Dist. LEXIS 158459 (N.D. Cal. Nov. 4,
   2013) ...............................................................................................................7, 9

*Lodsys, LLC v. Brother Int'l Corp.,*
   No. 2:11-cv-90-JRG, 2012 U.S. Dist. LEXIS 31456 (E.D. Tex. Mar. 8,
   2012) ...................................................................................................................9

*Macronix Int'l Co. Ltd. v. Spansion Inc.,*
   4 F.Supp.3d 797, 803 (E.D. Va. 2014) ..............................................................9

*Magna Mirrors of Am., Inc. v. 3M Co.,*
   No: 07-10688, 2013 U.S. Dist. LEXIS 22785 (E.D. Mich. Feb. 20, 2013)....................12, 13

iii

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co.,*
    No. 15-438-LPS-CJB, 2015 U.S. Dist. LEXIS 162912 (D. Del. Dec. 3, 2015) ...............6, 13

*McZeal v. Sprint Nextel Corp.,*
    501 F.3d 1354 (Fed. Cir. 2007) ......................................................................................4, 12

*Realtime Data, LLC v. Stanley,*
    721 F. Supp. 2d 538 (E.D. Tex. 2010) (Judge Smith's Order dated June
    10) ................................................................................................................................8, 9

*Regeneron Pharms., Inc. v. Merus B.V.,*
    No. 14-cv-1650 (KBF), 2014 U.S. Dist. LEXIS 84297 (S.D.N.Y. June 18,
    2014) ..............................................................................................................................11

*Skinner v. Switzer,*
    562 U.S. 521, 131 S. Ct. 1289 (2011) ..................................................................................4

*United States v. Bollinger Shipyards, Inc.,*
    775 F.3d 255 (5th Cir. 2014) ..............................................................................................4

**Rules**

Fed. R. Civ. P. 8(a) ..........................................................................................................5

Patent Rule 3-1..................................................................................................................9

## INTRODUCTION

Verizon does not dispute that OpenTV's Complaint satisfies the requirements of Form 18—Verizon instead argues that Form 18 does not apply, and attempts to fashion a heightened pleading requirement unsupported by legal authority. In truth, OpenTV's Complaint, spanning nearly fifty pages, well exceeds the threshold requirements for proper pleading under the Federal Rules—whether Form 18, *Twombly/Iqbal*, or Verizon's unsupported heightened standard.

## BACKGROUND

On October 30, 2015, OpenTV, Inc. and Nagra France S.A.S. ("OpenTV" or "Plaintiffs") filed this action against Verizon Communications Inc.,[1] Verizon Services Corp., Verizon Corporate Resources Group, LLC, Verizon Corporate Services Group Inc., Verizon Data Services LLC, Verizon Media, LLC, Verizon and Redbox Digital Entertainment Services, LLC, and AOL Inc. ("Verizon" or "Defendants"). Dkt. 1.

The parties' dispute, however, dates back nearly three years, when OpenTV first contacted Verizon regarding a license to several of the Asserted Patents.[2] *Id.* ¶ 62. Over the next several years, the parties repeatedly and extensively discussed OpenTV's allegations against Verizon and its products. *Id.* ¶¶ 62-78. For example, on October 9, 2013, OpenTV presented Verizon with detailed materials about Verizon's infringement,

---

[1] This Court dismissed without prejudice Verizon Communications Inc. Dkt. 39.

[2] United States Patent Nos. 7,055,169 ("the '169 Patent), 7,243,139 ("the '139 Patent"), 7,900,229 ("the '229 Patent"), 6,678,463 ("the '463 Patent"), 6,233,736 ("the '736 Patent"), 6,018,768 ("the '768 Patent"), and U.S. Reissue Patent No. RE40,334 ("the '334 Patent") (collectively, "the Asserted Patents).

including a presentation with claim charts on four of the Asserted Patents that mapped exemplary claims of each patent to Verizon products. *Id.* ¶ 62.

The parties met again on March 13, 2014 to discuss additional patents, including the remaining three Asserted Patents. *Id.* Verizon was provided with another presentation containing OpenTV's "Patent Position" relating to "Verizon Product Segments," as well as a list of "Representative Patents Relevant to Verizon FiOS" accusing categories of Verizon products. That presentation also included detailed claim charts on four of the Asserted Patents to specific Verizon products.

OpenTV also provided AOL with claim charts relating to a number of patents, including four of the Asserted Patents, in April and June 2014. *Id.* ¶ 63. These same charts were provided to Verizon in September 2015. *Id.* ¶¶ 64-65. OpenTV continued its discussions with Verizon through the filing of the Complaint. *Id.* ¶¶ 64-66.

OpenTV's Complaint described the patented technologies, the parties involved, their history, the accused products, and the elements underlying OpenTV's claims of infringement. Dkt. 1 ¶¶ 40 (identifying key technologies disclosed in the Asserted Patents and providing at least 11 specific examples) and 79. The Complaint identified each of the Defendants and their involvement with certain accused technologies and categories of devices that employ the accused technologies. *Id.* ¶¶ 42-57 and 83-84. These include "televisions, gaming consoles, personal computers, tablets, smartphones" and "mobile computing" and other "connected devices." *Id.* The Complaint also detailed when Verizon was on notice of infringement for each of the Asserted Patents,

and referenced the claim charts Verizon was provided. *Id.* ¶¶ 67-78 (listing dates when

OpenTV presented Verizon with claim charts for each of the Asserted Patents).

For each Asserted Patent, the Complaint incorporated the descriptions above, and

also identified the infringing technology and the Verizon products implicated. *See, e.g.,*

*id.* ¶ 90 (identifying "Verizon's adaptive video technology for managing video

presentation resources used in at least Verizon's FiOS TV Everywhere, AOL's streaming

video service, Redbox Instant, and Verizon's go90 mobile video services" as well as

"related products, features, and services"). The Complaint also has facts demonstrating

Verizon's contributory and induced infringement for each Asserted Patent, including by

identifying the direct infringer and how Verizon facilitates infringement. *See, e.g., id.* ¶¶

92-94 (identifying customer categories and citing Verizon's website or materials).

Given the parties' history and the amount of detail provided in the Complaint, it is

disingenuous for Verizon to now claim it lacks "fair notice" of OpenTV's claims.

## ARGUMENT

Motions to dismiss for failure to state a claim are governed by regional circuit law.

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed.

Cir. 2012). A court must assume that all well-pled facts are true, and view those facts in

the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th

Cir. 2012). The court must then decide whether those facts state a claim for relief that is

plausible on its face. *Id.* at 217. "A claim is plausible if the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255,

260 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "The plausibility standard 'does not give district courts license to look behind [a complaint's] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial.'" *Id.* (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011)). Indeed, the question is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 1296 (2011). Detailed factual allegations are not required. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007)).

**I.      PLEADING DIRECT INFRINGEMENT PURSUANT TO FORM 18 IS SUFFICIENT TO OVERCOME VERIZON'S MOTION TO DISMISS.**

Verizon does not dispute that OpenTV's Complaint satisfies the requirements of Form 18. Verizon instead argues that Form 18 does not apply, and attempts to fashion a heightened pleading requirement unsupported by legal authority.

It is well established that patentees need only "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007) (citing *Twombly*, 550 U.S. at 565 n.10). Even after *Twombly* and *Iqbal*, the Federal Circuit has observed that a complaint sufficiently pleads a claim for direct infringement if it comports with the level of factual detail specified in Form 18. *Bill of Lading*, 681 F.3d at 1334; *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (stating "to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleadings requirements, the Forms

control"). This Court has recognized that a patentee that pleads the facts in Form 18 sufficiently states a claim under Rule 8(a). *Innovative Automation LLc v. Vudu, Inc.*, No. 2:13-cv-1109-JRG, 2014 U.S. Dist. LEXIS 114674, at *3-5 (E.D. Tex. Aug. 19, 2014).

Form 18 requires that the patentee plead five elements: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant infringes the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. *Bill of Lading*, 681 F.3d at 1334. Here, the Complaint alleges jurisdiction, Dkt. 1 ¶¶ 5-7; a statement of ownership, *id.* ¶¶ 88, 101, 114, 124, 138, 147, and 159; a statement that Verizon infringes the specific patents, *id.* ¶¶ 87-166; a statement that Verizon was provided notice of its infringement, *id.* ¶¶ 62-78; and a demand for relief, *id.* ¶¶ 4, 46-47.

Verizon asserts that the effective date of the recent amendments to the Federal Rules of Civil Procedure abrogating Form 18 is not December 1, 2015—as the Supreme Court's accompanying order states—but is as early as April 29, 2015. Verizon's assertion renders the effective date meaningless, and asks this Court to reevaluate any patent complaint filed before December 1, 2015. Verizon cites no decision that embraces its position. Instead, every decision assessing a motion to dismiss since December 1, 2015 has properly applied the standard articulated in Form 18. *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-0772-GMN-NJK, 2016 U.S. Dist. LEXIS 5426, at *7-9 (D. Nev. Jan. 15, 2016) ("Plaintiffs have satisfied the requirements of Form 18 . . . ."); *Eaton Veterinary Pharm., Inc. v. Wedgewood Vill. Pharm., Inc.*, No. 4:15-cv-687-SRB, 2015 U.S.

Dist. LEXIS 162105, at *4-6 (W.D. Mo. Dec. 3, 2015); *Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, No. 15-438-LPS-CJB, 2015 U.S. Dist. LEXIS 162912, at *4 (D. Del. Dec. 3, 2015); *3rd Eye Surveillance, LLC v. United States*, No. 15-501C, 2015 U.S. Claims LEXIS 1679, at *9 (Fed. Cl. Dec. 17, 2015). Further, Verizon's original deadline to answer the Complaint was November. But for its extensions, even Verizon's motion would not have been filed before the effective date of the amendment.

Verizon's argument also relies on the Supreme Court's standard order accompanying amended rules, which provides that amendments "govern in all proceedings in civil cases [commenced after the effective date] and, insofar as just and practicable, all proceedings then pending."[3] Even if the amendment applied to this action, it only reasonably applies to case activities occurring ***after the effective date*** of the amendment, and would not implicate past activities such as filing of the Complaint.[4] Here, the alternative would be unjust and impracticable, and potentially open the door for amended requirements for service of process, modified time-limits, discovery obligations, or any number of changes to the Federal Rules, to render past activities by parties ineffective. *See, e.g., In re OCA, Inc.*, 551 F.3d 359, 370 n.22 (5th Cir. 2008) (refusing to retroactively apply an amendment to the Federal Rules where

---

[3] Letter from John G. Roberts, Chief Justice of the Supreme Court, to John A. Boehner, Speaker of the House of Representatives at 3  (Apr. 29, 2015), *available at* http://www.supremecourt.gov/orders/courtorders/frcv15%28update%29_1823.pdf.

[4] This is not a situation where multiple lawsuits were filed shortly before the effective date of the amendment in order to obtain an unfair advantage. Here, OpenTV filed its 50-page Complaint in October, well in advance of the amendment's December effective date, against only Verizon entities, following repeated licensing discussions.

application would impose a "legal standard that was not in effect at the time [the party] initially sought relief" and that doing so "would defy logic" and be "unjust").

Form 18 is the governing standard for assessing the sufficiency of claims of direct infringement filed prior to December 1, 2015, and Verizon does not dispute that the Complaint complies with Form 18. The Complaint satisfies even Verizon's heightened standard. Verizon's motion should be denied.

## II.   OPENTV'S ALLEGATIONS OF DIRECT INFRINGEMENT SATISFY *TWOMBLY* AND *IQBAL.*

OpenTV's allegations are far from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Instead, the Complaint contains 166 paragraphs, spanning nearly 50 pages, detailing information about the parties, patented technologies, accused products, and infringement allegations. Those allegations are buttressed by detailed claim charts that provided Verizon with notice of OpenTV's allegations. The Complaint expressly refers to these charts, thereby incorporating them by reference. *Largan Precision Co v. Genius Elec. Optical Co.*, No. 13-cv-02502-WHO, 2013 U.S. Dist. LEXIS 158459, at *9-11 (N.D. Cal. Nov. 4, 2013) (holding that "claim charts are explicitly referenced in the Complaint and, therefore, are incorporated by reference"). OpenTV's allegations "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### A.   Complaints Need Not Identify Specific Patent Claims.

Complaints for patent infringement "need not identify the specific claims or deliver detailed infringement contentions." *Innovative Automation Llc v. Vudu, Inc.*, No.

2:13-cv-1109-JRG, 2014 U.S. Dist. LEXIS 114674 at *4 (E.D. Tex., Aug. 19, 2014). *See also*

*Bill of Lading*, 681 F.3d at 1335 ("Indeed, a plaintiff need not even identify which claims

it asserts are being infringed."). This is true of both claims of direct **and indirect**

infringement. *Kilopass Tech. Inc. v. Sidense Corp.*, No. C-10-02066-SI, 2010 U.S. Dist. LEXIS

136345, at *9-10 n.1 (N.D. Cal. Dec. 13, 2010) ("[T]he *McZeal* Court considered *Twombly*,

not just Form 18. Moreover, cases distinguishing *McZeal* for indirect infringement

purposes have not required plaintiffs to identify patent claims in the pleadings.").

    To support its claim that indirect infringement allegations require identification of

specific claims, Verizon mischaracterizes this Court's decision in *Realtime Data v.*

*Morgan Stanley*. First, Verizon cites the Magistrate's Report and Recommendation,

which was later clarified by Judge Leonard Davis to correct the very quotation that

Verizon relies upon. *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538 (E.D. Tex. 2010)

(Judge Davis's Order dated June 10, 2010) (stating "the Court writes to clarify its recent

precedent"). Second, Verizon's quote is out of context—the Magistrate recommended

dismissal for more than simply failing to identify "any asserted claims":

> As recent decisions make clear, indirect infringement
> allegations will not survive a Motion to Dismiss under the
> pleading requirements of the Federal Rules where a
> plaintiff's complaint fails to identify any asserted claims *or*
> *any accused products or services for each of the patents-in-*
> *suit, fails to identify which patents are indirectly infringed,*
> *and fails to identify a direct infringer in reference to its*
> *indirect infringement claims.*

*Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010) (Report and

Recommendation of the Magistrate) (emphasis added). Verizon similarly

mischaracterizes the decision in *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, because that Complaint also failed to identify which methods or systems indirectly infringe, and failed to identify a direct infringer. No. 6:09-cv-481, slip op. at 7 (E.D. Tex. Mar. 29, 2010). OpenTV's Complaint, however, makes no such omission.

Verizon's remaining cases are similarly unpersuasive. Both *Macronix and Ingeniador* expressly acknowledge, and then ignore, Federal Circuit precedent, along with precedent from their own districts, to reach the erroneous conclusion that specific claims must be specified. *Macronix Int'l Co. Ltd. v. Spansion Inc.*, 4 F.Supp.3d 797, 803 (E.D. Va. 2014); *Ingeniador, LLC v. Interwoven*, 874 F. Supp. 2d 56. 66 (D.P.R. 2012). Embracing either decision would require this Court to ignore well-established precedent of the Federal Circuit and this Court. *Innovative Automation*, 2014 U.S. Dist. LEXIS 114674, at *3-5 ("As this Court has held in the past, Form 18 essentially requires only that a complaint alleging direct infringement specify: (1) the asserted patent; and (2) a general description of the allegedly infringing product.").

Even if it were a requirement to identify specific claims—which it is not—OpenTV provided Verizon with detailed claim charts about exemplary claims that OpenTV believed Verizon infringed. Dkt. 1 ¶¶ 62-78. Referencing these charts in the Complaint was sufficient to incorporate them by reference. *Largan*, 2013 U.S. Dist. LEXIS 158459, at *9-11. Further, as this Court has previously noted, Verizon's arguments will soon be rendered moot by OpenTV's upcoming Patent Rule 3-1 disclosures, which "are far more specific than Rule 8's pleading requirements." *Realtime Data*, 721 F. Supp. 2d at 539.

### B.    The Complaint Expressly Identifies Specific Accused Products.

Complaints for patent infringement need not identify specific products or services

by name or model number, let alone identify each and every accused product. *Lodsys*,

*LLC v. Brother Int'l Corp.*, No. 2:11-cv-90-JRG, 2012 U.S. Dist. LEXIS 31456, at *12 (E.D.

Tex. Mar. 8, 2012); *Atwater Partners of Tex. LLC v. AT&T Inc.,* No. 2:10-cv-175-TJW, 2011

U.S. Dist. LEXIS 28101, at *5 (E.D. Tex. Mar. 18, 2011). *See also Bedrock Computer Techs.*,

*LLC v. Softlayer Techs. Inc.*, No. 609-cv-269, 2010 U.S. Dist. LEXIS 62711, at *13 ("The

Court does not require in a complaint the specificity that P.R. 3-1 requires, as that

would go far beyond Rule 8's and Form 18's requirements."). Regardless, OpenTV's

Complaint accuses specific products, including: FiOS TV, FiOS TV DVR functionality,

FiOS TV Widgets, FiOS TV CableCARDs, FiOS TV Everywhere, Verizon's go90 mobile

video service, online video delivery and advertising services available with the AOL On

player, and Redbox Instant. Dkt. 1 ¶¶ 3, 50-54, and 58-60. The Complaint also identifies

the accused products for each infringement claim. *Id.* ¶¶ 90, 103, 116, 126, 140, 149, 160.

Verizon does not dispute that the Complaint identifies specific products and

services. Instead, Verizon takes issue with OpenTV's use of the terms "without

limitation" and "other related products, features, and services." Dkt. 40 at 7. Verizon

relies solely on the unpublished Federal Circuit decision, *Addiction & Detoxification*

*Institute LLC v. Carpenter*, to argue that these phrases are improper. 620 Fed. App'x 934,

937 (Fed. Cir. 2015). This case says nothing of the sort. There, the Federal Circuit

affirmed dismissal of claims of infringement because the complaint merely alleged that

"Defendants infringe by making, using, selling, offering for sale in the United States

10

activities, methods and procedures claimed in the Patent." *Id.* at *5. The complaint in

that case was silent as to *any* specific product, unlike OpenTV's Complaint here, which

specifically identifies a number of Verizon products.

Indeed, it is proper to use terms such as "without limitation" or "other related

products, features, and services." For example, in *AG v. Volterra Semiconductor Corp.*, the

plaintiff alleged infringement of the "VT 1195SF product and other products." No. C-11-

6239 MMC, 2012 U.S. Dist. LEXIS 169959, at *5-7 (N.D. Cal. Nov. 29, 2012). The Court

found that the use of the phrase "other products" was sufficient because it identifies a

"general category of products" embodying the degree of specificity required for

pleading a claim of direct infringement. *Id. See also Regeneron Pharms., Inc. v. Merus B.V.*,

14-cv-1650 (KBF), 2014 U.S. Dist. LEXIS 84297, at *9-12 (S.D.N.Y. June 18, 2014) (alleging

infringement of a "MeMo mouse and related products and technologies" sufficient even

under *Twombly* because the plaintiff "alleged a specific patent and a specific product

that allegedly infringes that patent by virtue of certain specific characteristics.").

### C.    Direct Infringement is Legally "Plausible" Based on the Complaint's Factual Allegations.

The Complaint pleads numerous factual allegations to support direct

infringement. For example, the Complaint outlines key components of the claimed

technology, Dkt. 1 ¶¶ 79-86; Verizon's use, distribution, and offers to sell the accused

products, *id.* ¶¶ 42-61; Verizon's knowledge of the Asserted Patents based on detailed

claim charts and discussions with OpenTV, *id.* ¶¶ 62-78; and specific allegations of

direct infringement, *id.* ¶¶ 90, 103, 116, 126, 140, 149, and 160.

Verizon cites no authority requiring the Complaint to also include factual allegations establishing infringement of specific claim elements such as "prerequisite directives," "timing indicia," or a "portable security module." The opposite is true. *McZeal*, 501 F.3d at 1357 ("Thus, a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent."); *Innovative Automation LLC*, 2014 U.S. Dist. LEXIS 114674, at *3-5; *Execware, LLC v. Staples, Inc.*, No. 11-836-LPS-SRF, 2012 U.S. Dist. LEXIS 174885, at *10 (D. Del. Dec. 10, 2012) (stating that "a claim for direct infringement need not 'describe precisely how each element of the asserted claims are practiced by their customers'"); *Magna Mirrors of Am., Inc. v. 3M Co.*, No. 07-10688, 2013 U.S. Dist. LEXIS 22785, at *7-9 (E.D. Mich. Feb. 20, 2013) ("[A] complainant need not specifically identify the exact product or claim elements . . . ."). Verizon argues it does not "demand that Plaintiffs provide full infringement contentions at this stage of the case." Dkt. 40 at 10. Yet, this is precisely what Verizon invites this Court to create—a requirement that effectively shields defendants from infringement allegations. This is especially true where, as here, the functionality of the accused systems is shrouded in secrecy. *K-Tech*, 714 F.3d at 1286-87 (no requirement to identify specific products if operation is only ascertainable through discovery).

Ultimately, Verizon obtained intimate knowledge about OpenTV's patents, the claims, and the functionality that OpenTV has accused of infringement, based on the parties' extensive licensing discussions and the claim charts it received from OpenTV— facts expressly alleged in the Complaint. Dkt. 1 ¶¶ 62-78. Verizon cannot now assert it was not provided significant detail about OpenTV's claims in this action.

### D.    The Complaint Identifies Which Entity is Accused of Infringement.

The Complaint associates specific Verizon entities with specific accused products, to the extent readily ascertainable without discovery. The Complaint associated FiOS TV with Verizon Services Corp., Verizon Corporate Resources Group, LLC, and Verizon Corporate Services Group, Inc. (Dkt. 1 ¶¶ 43-45); Verizon's go90 mobile video service with Verizon Media, LLC (¶ 47); AOL On with AOL, Inc. (¶¶ 55-56), and Redbox Instant with Verizon and Redbox Digital Entertainment Services, LLC (¶ 48). Verizon cannot credibly claim that it is "impossible to determine which of the eight Defendants are actually charged with infringement of which patent." Dkt. 40 at 3.

Verizon repeatedly concedes that the Complaint contains "specific allegations" regarding which entity is accused of infringement. Dkt. 40 at 11-12. Verizon also concedes that specific allegations "trump general statements," to the extent any confusion exists between the two. *Id.* at 11; *Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, No. 15-438-LPS-CJB, 2015 U.S. Dist. LEXIS 162912, at *5-9 (D. Del. Dec. 3, 2015) (Complaint sufficiently pled direct infringement where referring to "Defendants" collectively by specifically identifying how both defendants infringed the asserted patents.). Accordingly, Verizon cannot claim it lacks notice about OpenTV's specific allegations of infringement and about which Verizon entity is accused.

## III.   OPENTV PROPERLY PLED INDIRECT INFRINGEMENT.

The Complaint contains detailed allegations establishing the plausibility of indirect infringement, and adequately pleads induced infringement through facts showing that Verizon intended its customers to infringe the asserted patents and knew

that its customer's acts constituted infringement. *Bill of Lading*, 681 F.3d at 1339. The Complaint detailed Verizon's knowledge of each Asserted Patent, including what constitutes infringement. Dkt. 1 ¶¶ 91, 104, 117, 127, 141, 150, and 161. The Complaint also details how Verizon encourages and facilitates third parties to infringe each Asserted Patent, including referencing Verizon's product instructions and marketing efforts. *Id.* ¶¶ 62-78, 92-93, 105-106, 118-119, 128-130, 142-143, 151-152; and 162-163.

Verizon only specifically challenges the allegations of induced infringement of the '229 Patent. In doing so, Verizon never disputes that it had knowledge of the '229 Patent, that it understood what constitutes infringement, or that it intended customers to infringe the patent. Instead, Verizon asserts that its customers cannot "transmit data" to themselves and therefore cannot infringe Claim 1 of the '229 patent. Dkt. 40 at 13. This is untrue. For example, contrary to Verizon's assertion, end-users can transmit data to themselves. The Complaint alleges that "Verizon advertises content to its AOL users, including but not limited to content such as films, program and news. Verizon instructs its customers to, e.g., 'Play Movie' or 'WATCH NEW EPISODES.'" *Id.* ¶ 130. By requesting the content, users initiate and thereby direct the transmission of data to themselves satisfying the "transmitting data" limitation of claim 1 of the '229 patent. *See, e.g., Centillion Data Sys., LLC v. Qwest Communications Int'l*, 631 F.3d 1279, 1285-86 (Fed. Cir. 2011) ("[I]t is the customer initiated demand for the service which causes the back-end system to generate the requisite reports. This is "use" because, but for the customer's actions, the entire system would never have been put into service.").

Further, Defendants' customers need not be an end user of the system. For example, the Complaint alleges that Verizon induces advertisers to "deliver ads to audiences based on demographic and interest information" including basing ads on "certain information about [customers'] Verizon products and services (such as service packages purchased, video on-demand purchases, and program viewing data)." *Id.* ¶ 129. These third-party customers may plausibly practice each of the elements of Claim 1 of the '229 Patent by engaging end-users of the respective systems. In either case, the Complaint need not identify any specific third-party infringer—only that there plausibly would be one. *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-912-JRG-RSP, 2015 U.S. Dist. LEXIS 135468, at *8-10 (E.D. Tex. Sept. 18, 2015).

The Complaint also sufficiently pled contributory infringement through facts plausibly demonstrating that Verizon sells or offers to sell a material or apparatus for use in practicing a patented process, and that the material or apparatus is material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent. *Bill of Lading*, 681 F.3d at 1337; Dkt. 1 ¶¶ 94, 107, 120, 131, 143, 153, and 163. Verizon does not challenge any of these allegations in its Motion.

<u>CONCLUSION</u>

For the foregoing reasons, OpenTV respectfully requests that the Court deny Verizon's Motion to Dismiss. Alternatively, should the Court grant Verizon's Motion in whole or in part, OpenTV respectfully requests leave to amend its Complaint.

15

Dated: January 25, 2016                  Respectfully submitted,

                                         By: /s/ Andrea L. Gothing
                                             (by permission Wesley Hill)

                                         Andrea L. Gothing – LEAD ATTORNEY
                                         (MN Bar No. 319867, CA Bar No. 302633)
                                         (Eastern District of Texas Member)
                                         Seth A. Northrop (CA Bar No. 301229)
                                         Li Zhu (CA Bar No. 302210)
                                         **ROBINS KAPLAN LLP**
                                         2400 W. El Camino Real, Suite 100
                                         Mountain View, CA 94040
                                         Telephone: (650) 784-4040
                                         AGothing@RobinsKaplan.com
                                         SNorthrop@RobinsKaplan.com
                                         LZhu@RobinsKaplan.com

                                         Martin R. Lueck (MN Bar No. 155548)
                                         Stacie E. Oberts (MN Bar No. 278361)
                                         David A. Prange (MN Bar No. 329976)
                                         (Eastern District of Texas Member)
                                         **ROBINS KAPLAN LLP**
                                         800 LaSalle Avenue, Suite 2800
                                         Minneapolis, MN 55402
                                         Telephone: (612) 349-8500
                                         MLueck@RobinsKaplan.com
                                         SOberts@RobinsKaplan.com
                                         DPrange@RobinsKaplan.com

                                         Wesley Hill
                                         TX Bar No. 24032294
                                         **WARD, SMITH & HILL, PLLC**
                                         1127 Judson Rd., Suite 220
                                         Longview, Texas 75601
                                         Telephone: (903) 757-6400
                                         wh@wsfirm.com

                                         **ATTORNEYS FOR PLAINTIFFS**
                                         **OPENTV, INC., AND NAGRA FRANCE**
                                         **S.A.S.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2016, I caused a true and correct copy of the

foregoing document to be served on all counsel of record via Electronic Case Filing

("ECF") pursuant to Local Rule CV-5(a).


Dated: January 25, 2016                    */s/ Wesley Hill*
                                           Wesley Hill


17