**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| OPENTV, INC. and NAGRA FRANCE S.A.S., | Civil Action No. 6:15-cv-951 |
| Plaintiffs, | Judge Rodney Gilstrap |
| v. | JURY TRIAL DEMANDED |
| VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP, LLC, VERIZON CORPORATE SERVICES GROUP INC., VERIZON DATA SERVICES LLC, VERIZON MEDIA LLC, VERIZON AND REDBOX DIGITAL ENTERTAINMENT SERVICES, LLC, and AOL INC., | |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiffs' opposition relies on two legally incorrect arguments. *First*, with no support, Plaintiffs argue that Form 18 is still law for their complaint. But, the newly passed Federal Rules of Civil Procedure ("FRCP") say otherwise. *Second*, Plaintiffs argue that the Court should incorporate claim charts and discussions that were not part of the complaint. But, the only applicable materials are the pleadings within the Complaint, which did not include any attached claim charts. For the reasons below, the Court should grant Defendants' motion to dismiss.

I.  **Plaintiffs Cannot Rely on Form 18 to Cure the Inadequacy of Their Complaint**

Plaintiffs rely entirely on Form 18 and extraneous claim charts they showed Defendants in their attempt to justify the Complaint's failure to comply with the *Twombly* and *Iqbal* standard. But, under the new FRCP, Form 18 no longer exists.

In their motion to dismiss, Defendants set forth the reasons why the new FRCP apply to this case. Motion at 4. Plaintiffs, on the other hand, did not set forth a single reason why Form 18 still applies, and none of the cases they cite are relevant. Every single motion at issue in those cases was *filed* before these amendments became effective on December 1, 2015 and only *decided* after December 1, 2015. *See, e.g., Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-0772, Motion to Dismiss, Dkt. No. 210, Mar. 13, 2015 (D. Nev.). Moreover, not one of the movants in those cases, unlike Defendants here, argued that these amendments apply. *See, e.g., Mayne Pharma Int'l PTY Ltd. v. Merck & Co., Inc.*, No. 1:15-cv-438, 2015 WL 7833206, at *2 n.1 (D. Del. Dec. 3, 2015) (noting that "Defendants do not suggest in their Motion that this change to the Federal Rules would apply retroactively," and accordingly "declin[ing] to further address the issue"). Similarly, the court in *In re OCA, Inc.* refused to apply an amendment retroactively to a motion *filed and decided* before the amendment was effective. 551 F.3d 359, 370 n.22 (5th Cir. 2008). In contrast, here, the December 1, 2015 amendments to the FRCP were in effect when Defendants initially sought relief by filing this Motion on January 8, 2016.

Here, where the new FRCP were in effect before this Motion was filed,[1] and when no other case events had taken place, is precisely the type of case envisioned by the words "insofar as just and practicable." *See Atlantis Dev. Corp. v. U.S.*, 379 F.2d 818, 823 (5th Cir. 1967) (retroactively applying an amendment when "no possible intrinsic prejudice can occur" because "[n]othing has happened in this case since the filing of the pleadings."). Accordingly, the elimination of Form 18 should apply to this case. This result would be consistent with the Fifth Circuit's instructions that "[a]mendments to the Federal Rules of Civil Procedure should be given retroactive application 'to the maximum extent possible'" (*Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996)), and there is nothing unjust or impractical in requiring Plaintiffs to comply with the pleading standard now in effect.

Every single case Plaintiffs cite for the proposition that their allegations satisfy *Twombly* and *Iqbal* relied on the now-eliminated Form 18. *See* Opposition at 7-12; *see also, e.g., Innovation Automation LLC v. Vudu, Inc.*, No. 2:13-cv-1109, 2014 WL 4090528, at *2 (E.D. Tex. Aug. 19, 2014) (finding that "the Plaintiff has met the pleading requirements for specificity under Form 18"). Similarly, Plaintiffs' relies only on precedent indicating that compliance with Form 18 is sufficient to survive a Motion to Dismiss to disparage Defendants' cited cases , which is contrary to the new FRCP. Opposition at 9.[2]

---

[1] Plaintiffs did not oppose Defendants' requests for extensions of time to file an answer. Accordingly, even if these extensions were relevant—they are not—Plaintiffs cannot now claim that these extensions render applying the new FRCP retroactively unjust or impracticable. Indeed, this fact does not erase the fact that it is "just and practicable" to apply the rules to a case at this early stage. *See* Apr. 29, 2015 Fed. R. Civ. Procedure.

[2] Plaintiffs' argument that the complaints in *Realtime Data, LLC v. Stanley*, *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, and *Addiction & Detoxification Institute LLC v. Carpenter* were *more* inadequate than theirs does not help Plaintiffs. Also, in *Realtime*, Judge Davis agreed with the Magistrate Judge's decision and only clarified that the adequacy of a product description and the necessity to identify specific claims are examined in context. 721 F. Supp. 2d 538, 539-40 (E.D. Tex. 2010). Thus, Plaintiffs' interpretation does not render Defendants' reliance on this case moot. Motion at 6-7.

Thus, if this Court finds—as it should—that the elimination of Form 18 abrogated cases that relied on its existence and that Plaintiffs cannot rely on material outside of the Complaint to bolster their direct and indirect infringement allegations (*see infra* Section II), then all of Plaintiffs' arguments are rendered moot and Defendants' Motion to Dismiss should be granted.

## II. Plaintiffs Also Cannot Rely On Extraneous Claim Charts

Plaintiffs repeatedly reference discussions between Defendants and Plaintiffs and claim charts shown to Defendants. Opposition at 1-3, 9, 12. In essence, Plaintiffs are asking this Court to evaluate the sufficiency of their pleadings based on materials not before the Court, which is contrary to the legal requirements.[3] Specifically, Plaintiffs' Opposition relies on claim charts that (a) were not in or attached to the Complaint; (b) were not attached to Plaintiffs' Opposition; and (c) do not even discuss all products accused of infringing each patent.

The sole case cited by Plaintiffs in support of this request does not excuse the insufficiency of the Complaint. ***First***, and importantly, the plaintiff in that case attached the claim charts to their Opposition, thereby allowing the court to evaluate them. *Largan Precision Co, Ltd. v. Genius Elec. Optical Co., Ltd.*, No. 3:13-cv-2502, 2013 WL 5934698, at *3-4 (N.D. Cal. Nov. 4, 2013). ***Second***, the court relied on those charts only to decide whether the plaintiff's allegation of knowledge was enough to sustain willfulness claim, but *not* to decide the adequacy of the plaintiff's direct infringement claim. *Id.* at *2-4. Put differently, the court evaluated the charts because their existence was central to plaintiffs' claim and did not rely on them for allegations made therein. *Id.* Here, in contrast, Plaintiffs are arguing that these claim charts are additional allegations even though they are not in the Complaint. As such, these claim

---

[3] "The plausibility standard does not give district courts license to look behind a complaint's allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." Opposition at 4 (quoting *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014)) (internal quotation marks omitted).

charts cannot be used to overcome Plaintiffs' failure to comply with the basic *Twombly* and *Iqbal* standard. *Kaye v. Lone Star Fund V (U.S.), L.P.*, No. 3:09-cv-2263, 453 B.R. 645, 662 (N.D. Tex. Apr. 26, 2011) ("[I]f a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint.").

**III.   Even If Form 18 Is Still Law, the Complaint Still Fails**

Plaintiffs argue that a complaint complies with Form 18 if it identifies a single, specific product and then proceeds to accuse all products "without limitation" and including "other related products." Opposition at 10-11. That is not the law.

The primary case cited by Plaintiffs, *Infineon Techs.*, best illustrates the falsity of this proposition, since **the Infineon court reached the exact opposite conclusion from what Plaintiffs presented in their Opposition**. Specifically, the allegation in Infineon's first amended complaint (referenced by Plaintiffs) was that "Volterra is directly infringing the '730 patent by making, using, importing, offering to sell, and/or selling infringing products in the United States, including without limitation, the VT 1195SF product and other products." *Infineon Techs.*, 2012 WL 5988461, at *2. The *Infineon* Court found that the relevant parts of this allegation must be *dismissed* because they do not comply with Form 18, even though "the VT 1195SF product" was listed. *Id.* at *2. In contrast, Infineon's second amended complaint specifically accused "master controller products" and explained elsewhere that Volterra's VT 1000 family of products are "Multiphase Master and Smart Slaves Chipsets" that feature "versatile Master Controller IC technology." *Id.*; *Infineon Techs.*, Second Amended Complaint, Dkt. No. 130, at ¶¶ 16, 40. The second amended complaint used "without limitation the VT 115MF product" as an example of the accused master controller products. *Infineon Techs.*, 2012 WL 5988461, at *2. There, however, the "master controller products" were sufficiently definite to survive the motion to dismiss, and provided a boundary for the "without limitation" allegation. *Id.*

4

Here, in contrast, Plaintiffs' allegations are deficient because they accuse products "without limitation" and because "other related products" does not provide adequate notice in light of Defendants' vast product offerings and "the more nebulous, less intangible" subject matter at issue. Motion at 6-7. The fact that Plaintiffs also identified a few, specific products in addition to these vague allegations does not change the conclusion that Plaintiffs' Complaint fails to meet the requirements of Form 18.

### IV. Allegations Correlating Certain Defendants to Products That Those Defendants Do Not Offer Should Be Dismissed

Plaintiffs and Defendants agree that the Complaint associates certain Defendants with certain products. Opposition at 13. Accordingly, AOL Inc. and Verizon Media LLC cannot infringe any patents alleged to be infringed solely by Fios TV (the '334 and '463 patents), and Verizon and Redbox Digital Entertainment Services, LLC cannot infringe any patents alleged to be infringed solely by Fios TV, Aol On, or go90 mobile video services (the 139, '334, '229, '463, and '736 patents). Any allegation to the contrary should be dismissed.

### V. The Indirect Infringement Claim Should Also Be Dismissed

Plaintiffs' indirect infringement allegations should be dismissed for similar reasons as the direct infringement allegations. Motion at 12-14. Defendants' discussion in the Motion of claim 1 of the '229 patent was only an example of the benefit of requiring Plaintiffs to specify what claims are allegedly indirectly infringed at this early stage of litigation. Plaintiffs' argument that it is theoretically possible for Defendants to indirectly infringe this claim (Opposition at 14-15) is not sufficient to overcome the *Twombly* and *Iqbal* standard, and merely underscores the benefit of avoiding such pointless arguments by winnowing out weak claims early.

### **CONCLUSION**

For these reasons, Defendants respectfully request that the Court dismiss the Complaint.

5

DATED: February 4, 2016            Respectfully submitted,

By: */s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Patrick C. Clutter, IV
State Bar No. 24036374
Patrickclutter@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Alan Whitehurst
alanwhitehurst@quinnemanuel.com
Marissa Ducca
marissaducca@quinnemanuel.com
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
777 6th Street NW, 11th Floor
Washington DC 20009
Tel: (202) 538-8000
Fax: (202) 538-8100

*Attorneys for Defendants Verizon Communications Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Corporate Services Group Inc., Verizon Data Services LLC, Verizon Media LLC, Verizon and Redbox Digital Entertainment Services, LLC, and AOL Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 4th day of February, 2016.

                                             */s/ Michael E. Jones*